**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SALLY WALSH,

                Plaintiff,

    v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

                Defendants.

Case No. 24-cv-02722

**Judge Thomas M. Durkin**

**Magistrate Judge Maria Valdez**

### DEFAULT FINAL JUDGMENT ORDER

This action having been commenced by Plaintiff SALLY WALSH ("Walsh" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Online Marketplace Accounts identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Walsh having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Walsh having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Walsh has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Walsh's federally registered copyrights, which are protected by United States Copyright Registration Nos. VA 2-376-025; VA 2-377-711; VA 2-376-032; VA 2-376-022; VA 2-375-873; VA 2-376-029; VA 2-375-746; VA 2-376-026; VA 2-376-023; VA 2-376-024; VA 2-377-713; VA 2-376-030; VA 2-377-721; VA 2-375-922; VA 2-376-027; VA 2-375-745; VA 2-376-021; and VA 2-376-028 (the "Sally Walsh Works") to residents of Illinois. In this case, Walsh has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Sally Walsh Works. *See* Docket No. [17], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing, and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of Sally Walsh Works.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

2

Accordingly, this Court orders that Walsh's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the Sally Walsh Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Sally Walsh product or not authorized by Walsh to be sold in connection with the Sally Walsh Works;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Walsh product or any other product produced by Walsh, that is not Walsh's or not produced under the authorization, control, or supervision of Walsh and approved by Walsh for sale under the Sally Walsh Works;

   c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Walsh, or are sponsored by, approved by, or otherwise connected with Walsh; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Walsh, nor authorized by Walsh to be sold or offered for sale, and which bear any of Walsh's copyrights, including the Sally Walsh Works, or any reproductions, infringing copies or colorable imitations.

3

2.  Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), eBay, Inc. ("eBay"), PayPal, Inc. ("PayPal"), Temu, LLC ("Temu"), Walmart Inc. ("Walmart"), and Wish US Holdings LLC, d/b/a Wish.com ("WISH") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

   a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Sally Walsh Works; and

   b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Sally Walsh Works or any reproductions, infringing copies, or colorable imitations thereof that is not a genuine Sally Walsh product or not authorized by Walsh to be sold in connection with the Sally Walsh Works.

3.  Upon Walsh's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Sally Walsh Works.

4.  Pursuant to 17 U.S.C. § 504(c)(2), Walsh is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for willful use of infringing Sally Walsh Works on products sold through at least the Defendant

Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and First Amended Schedule A.

5.  Any Third Party Providers holding funds for Defaulting Defendants, including Amazon, eBay, PayPal, Temu, Walmart, and WISH, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6.  All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon, eBay, PayPal, Temu, Walmart, and WISH are hereby released to Walsh as partial payment of the above-identified damages, and Third Party Providers, including Amazon, eBay, PayPal, Temu, Walmart, and WISH are ordered to release to Walsh the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7.  Until Walsh has recovered full payment of monies owed to it by any Defaulting Defendant, Walsh shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8.  In the event that Walsh identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Walsh may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at

the e-mail addresses identified in Exhibit 2 to the Declaration of Sally Walsh and any e-mail addresses provided for Defaulting Defendants by third parties.

9.      To obtain release of the bond previously posted in this action, Plaintiff's counsel must file a motion for the return of the bond once the preliminary injunction no longer applies to any Defendant.

This is a Default Judgment.

Dated: May 17, 2024

Thomas M. Durkin
United States District Judge

6

**First Amended Schedule A**

| No. | Defendants |
|---|---|
| 1 | ███████████ |
| 2 | yuchongqin098 |
| 3 | Chen shi fan Arts and crafts |
| 4 | zhengzhoushiguanchenghuizuquqiuxuanbaihuoshanghang |
| 5 | x i n y u x u a n |
| 6 | TAFLENV |
| 7 | NKREB |
| 8 | ███████████ |
| 9 | IFJD |
| 10 | CRFDYY |
| 11 | KAPUALE |
| 12 | mauertk |
| 13 | ███████████ |
| 14 | YangTyang |
| 15 | huaquyuedu |
| 16 | ███████████ |
| 17 | ███████████ |
| 18 | kekejiad |
| 19 | Autumn Tea Wall Art |
| 20 | SUCHUNYU |
| 21 | ███████████ |
| 22 | ███████████ |
| 23 | ███████████ |
| 24 | 成都涛君恒泰电子商务有限公司 |
| 25 | US eoeioa-Womens Fashion Deals UP 70% |
| 26 | ███████████ |
| 27 | ███████████ |
| 28 | ███████████ |
| 29 | ███████████ |
| 30 | ███████████ |
| 31 | ███████████ |
| 32 | yinshunquan |
| 33 | Otyzbaofu |
| 34 | ███████████ |
| 35 | ███████████ |
| 36 | ███████████ |
| 37 | ███████████ |
| 38 | ███████████ |

| | |
|---|---|
| 39 | |
| 40 | |
| 41 | N-aianky |
| 42 | |
| 43 | DaiShanShangMao(GuangZhou)YouXianGongSi |
| 44 | xiangyangshiwanrangyushangmaoyouxiangongsi |
| 45 | FuJianShengMaoLing Co.Ltd. |
| 46 | zhengxiaoling123 |
| 47 | |
| 48 | |
| 49 | qiugsccv |
| 50 | sunmo |
| 51 | 郑炳强 |
| 52 | Placing equipment |
| 53 | CIMIN STORE |
| 54 | 仙游县西苑乡杨益萍鞋帽 |
| 55 | 昆明湍彦商贸有限公司 |
| 56 | |
| 57 | qilinqujungebaihuodian |
| 58 | zhengcaie |
| 59 | |
| 60 | |
| 61 | |
| 62 | |
| 63 | |
| 64 | |
| 65 | |
| 66 | |
| 67 | |
| 68 | |
| 69 | |
| 70 | |
| 71 | |
| 72 | |
| 73 | |
| 74 | |
| 75 | |
| 76 | |
| 77 | |
| 78 | Jsezml Women Clothing Tops |



| | |
|---|---|
| 79 | |
| 80 | |
| 81 | |
| 82 | |
| 83 | |
| 84 | |
| 85 | |
| 86 | |
| 87 | |
| 88 | |
| 89 | |
| 90 | |
| 91 | |
| 92 | |
| 93 | |
| 94 | |
| 95 | |
| 96 | |
| 97 | |
| 98 | |
| 99 | |
| 100 | |
| 101 | rdingy3 |
| 102 | hexinman |
| 103 | FIYO Store |
| 104 | SenyuArt Factory Store |
| 105 | happyevery daymorning123 |
| 106 | FIYO Diamond Painting Club |
| 107 | CQiang |
| 108 | FIYO DIAMOND ART |
| 109 | YMM Arts and crafts |
| 110 | J M The plank painting |
| 111 | Smile charm |
| 112 | |
| 113 | |
| 114 | Wood painting direct sale |
| 115 | Hi Fun Store |

9